# MERGENTHALER LINOTYPE COMPANY *v.* DAVIS ET AL.

## ERROR TO THE SPRINGFIELD COURT OF APPEALS OF THE STATE OF MISSOURI.

No. 192. Motion to dismiss submitted December 8, 1919.—Decided January 5, 1920.

The Supreme Court of Missouri, exercising by certiorari its superintending control under the state constitution, quashed a judgment of affirmance by the Court of Appeals, because inconsistent with a prior decision of the Supreme Court, and remanded the cause to the Court of Appeals for decision. *Held*, that a second judgment of the latter court reversing and disposing of the cause was directly reviewable by this court, under Jud. Code, § 237, there being no opportunity for further review by the Supreme Court of the State. P. 258.

A federal question first presented to the state court by a petition for rehearing which was overruled without more, is not a basis for review in this court. *Id.*

A claim that a lease contract was made in interstate commerce and was therefore not subject to state statutes, does not sufficiently challenge their validity, but asserts at most a "title, right, privilege, or immunity" under the Constitution, which might afford ground for certiorari, but not for writ of error, under Jud. Code, § 237, as amended. P. 259.

Writ of error to review 271 Missouri, 475, dismissed.

THE case is stated in the opinion.

*Mr. Ernest A. Green* and *Mr. J. C. Sheppard,* for defendants in error, in support of the motion. *Mr. A. L. Sheppard* was on the brief.

*Mr. Bradford Butler,* for plaintiff in error, in opposition to the motion.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Dismissal of this writ is asked—*first*, because it does not run to a final judgment "in the highest court of a State in which a decision in the suit could be had"; *second*, because there was not properly drawn in question below "the validity of a treaty or statute of, or an authority exercised under the United States" or "the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States." Judicial Code, § 237; Act September 6, 1916, c. 448, 39 Stat. 726; *Coon* v. *Kennedy,* 248 U. S. 457; *Godchaux Co.* v. *Estopinal, ante,* 179.

The trial court, proceeding without jury, gave judgment for rentals due the Linotype Company under written lease of a machine, etc. The Springfield Court of Appeals affirmed that action. Thereupon the Supreme Court took jurisdiction by writ of certiorari, rendered an opinion, quashed the judgment of affirmance, and remanded the cause to the Court of Appeals for decision. 271 Missouri, 475.

Following the Supreme Court's opinion, the Court of Appeals ordered the judgment of the trial court "reversed, annulled and for naught held and esteemed; that the said appellants be restored to all they have lost by reason of the said judgment; that the said appellants recover of the said respondent costs and charges herein expended, and have execution therefor." A motion there for rehearing having been overruled, without more, this writ of error was sued out.

The assignments of error here challenge the validity of §§ 3037–3040 and § 3342, Revised Statutes of Missouri, 1909, because in conflict with the Federal Constitution. This claim was first set up in the Court of Appeals upon the motion for rehearing.

The Missouri constitution gives the Supreme Court "superintending control over the courts of appeals by *mandamus,* prohibition and *certiorari,*" and provides that "the last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said courts of appeals." In *State ex rel. v. Ellison,* 268 Missouri, 225, 238, a proceeding upon certiorari, the court declared: "We can undo what the Court of Appeals has done; . . . and we can send the record back to them to be heard anew by them, . . . but in the Kansas City Court of Appeals alone lies the jurisdiction to hear and to correctly and finally determine the case to which the instant proceeding is ancillary." See also, *State ex rel. v. Ellison,* 269 Missouri, 151; *Schmohl* v. *Travelers' Ins. Co.,* 197 S. W. Rep. 60.

In the present cause, the Supreme Court said: "This is an original proceeding by certiorari. . . . It is urged by relator as his grounds for quashal, that the opinion of the Court of Appeals is in conflict with the case of *United Shoe Machinery Co.* v. *Ramlose,* 210 Missouri, 631. . . . If this decision be opposed to what we said, or the conclusion which we reached upon similar facts (if the facts are similar) in the *Ramlose case,* we ought to quash the judgment of the Court of Appeals. This is the sole question to be determined."

Under the Missouri practice and circumstances here disclosed, we think the judgment of the Springfield Court of Appeals was final within the meaning of § 237, Judicial Code. No suggestion is made that further review by the Supreme Court could be had, as matter of discretion or otherwise.

The only ground mentioned in the assignments of error upon which this writ could be sustained is conflict between specified sections of the Missouri statutes relating to transactions by foreign corporations and the Federal Constitution. But this point came too late, being first

advanced below on the motion for rehearing. *Godchaux Co.* v. *Estopinal, supra.*

The claim that the lease contract was made in course of interstate commerce and therefore not subject to state statutes, was insufficient to challenge the validity of the latter; at most it but asserted a "title, right, privilege, or immunity" under the Federal Constitution which might afford basis for certiorari but constitutes no ground for writ of error from this court.

*Dismissed.*