LOUIS REIZENSTEIN, TRUSTEE, ROSA REIZENSTEIN TRUST ESTATE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8146. Promulgated January 12, 1928.

*Charles H. Sachs, Esq.*, for the petitioner.
*John W. Fisher, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioner, both in his pleadings and at the hearing, contended that there was no such estate as the Rosa Reizenstein Trust Estate, and that he was not trustee of such an estate. An examination of the record before us discloses that there can be no doubt as to the identity of the taxpayer against whom the respondent has determined the deficiencies involved. Hence, we regard as unimportant the question of whether a more accurate or appropriate designation of the taxpayer might have been used.

The petitioner's further contentions, briefly summarized, are that Louis Reizenstein, as executor under his father's will, took possession of and the legal title to the estate, which consisted solely of personal property; that sometime thereafter the administration was abandoned and no final settlement of the estate was had; that upon abandonment of the administration, the legatees took title to the property of the estate under and by virtue of the will, and that thereafter their possession should be regarded as analogous to that of tenants in common; that petitioner continued in actual possession and administered the estate as the agent of the legatees, and that the income should accordingly be taxed to the respective owners according to their distributive shares.

The respondent has determined that the income in question was received by Louis Reizenstein as trustee of what he calls the Rosa Reizenstein Trust Estate, and that the income is taxable to the said trustee.

There is no dispute with respect to the facts. It is not controverted that the income involved here was received by Louis Reizen-

stein, and that it was not his income in the sense that he had the legal title thereto and the beneficial interest therein.

In our view of the case, it is not necessary to decide whether the petitioner was a trustee for the benefit of the legatees, or was acting as agent for them. If he was their agent it is clear that the income received was taxable to the legatees and not to him as contended by the petitioner. *Maryland Casualty Co.* v. *United States*, 251 U. S. 253.

It is conceded that the petitioner during the years involved was not acting in the capacity of executor, as administration of the estate had been abandoned prior to the taxable years involved. If it be conceded for the sake of argument that he was acting in the capacity of trustee, as contended by the respondent he was acting for those whose interests were definitely fixed by the terms of the will. The legatees had the right to their respective shares. There were no contingent interests. The income was neither to be accumulated nor held for future distribution under the terms of the will but each of the legatees was entitled to his share of the income.

The assets and income therefrom belonged to the petitioner and the beneficiaries. The petitioner received the income for and in behalf of himself and the beneficiaries; and in the absence of any agreement that it should be accumulated or held for future distribution, the legatees were entitled to it as it came in. In 1922, the brothers and sisters of Louis Reizenstein claimed their interests in the estate and their rights were not questioned by anyone. Louis at that time purchased the interest of each for the sum of $11,000, which obviously represented compensation for their respective shares or interests in the corpus and also the accumulated profits to which each was entitled.

Under section 219 of the Revenue Acts of 1918 and 1921, the beneficiaries are taxable on their distributive shares of the income, whether distributed or not. *Gideon N. Stieff, et al., Executors,* 2 B. T. A. 1109; *Florence M. Smith, Executrix,* 5 B. T. A. 225. Cf. *Esty* v. *United States,* 63 Ct. Cls. 455; *McCaughn* v. *Girard Trust Co.,* (C. C. A., 3d Cir.) 19 Fed. (2d) 218.

It is our opinion that the income involved in this proceeding is not taxable to the petitioner as trustee. Accordingly, the determination of the respondent is disapproved.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

GREEN concurs in the result.